### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| AARON COX on behalf of himself and all others similarly situated;<br><br>　　Plaintiff,<br><br>vs.<br><br>CENTRAL FREIGHT LINES, INC;<br><br>　　Defendant. | Case No.: 6:21-cv-01295-ADA |

### MOTION FOR DEFAULT JUDGMENT, AN ORDER SETTING LIMITED DISCOVERY AND A HEARING ON DAMAGES

Now comes, Aaron Cox ("Plaintiff") on behalf of himself and on behalf of all similarly situated former employees (the "Class"), by and through Plaintiff's counsel respectfully moves for default judgment against Defendant Central Freight Lines, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 55, on the grounds that Defendant failed to answer this matter's Complaint and have failed to appear or otherwise defend this action. In support thereof, Plaintiff states as follows:

　　1.　　Plaintiff filed a class action complaint ("Complaint") for violations of the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act") on December 14, 2021 (Doc. 1).

　　2.　　The WARN Act provides a cause of action for any employee who suffers a covered employment loss without having received the statutorily required notice and <u>expressly provides</u> that "[a] person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court of the United States …" *See,* 29 U.S.C. §

2104(a)(5). The damages provision of the WARN Act is set out in 29 U.S.C. § 2104 as follows: "(1) Any employer who orders a plant closing or mass layoff in violation of section 2102 of this title shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for—(A) back pay for each day of violation at a rate of compensation not less than the higher of—(i) the average regular rate received by such employee during the last 3 years of the employee's employment; or (ii) the final regular rate received by such employee; and (B) benefits under an employee benefit plan described in section 1002(3) of this title, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred. Such liability shall be calculated for the period of the violation, up to a maximum of 60 days, but in no event for more than one-half the number of days the employee was employed by the employer."

3. Defendant was served pursuant to Fed. R. Civ. P. 4(h)(1) with the summons and Complaint at 1601 Elm Street, Suite 4360 Dallas, TX 75201 (the address of Defendant's registered agent, Cogency Global, Inc., ("Cogency") listed with the state of Texas) on December 28, 2021, by Guy Connelly (*See* Doc. 5). Mr. Connelly served the summons and Complaint on Rodney Waller, CSR who is authorized to accept service on behalf of Defendant. Given the date of service, response was due on January 18, 2022. Defendant has failed to respond.

4. Therefore, Plaintiff, on his own behalf, and on behalf of the Class, seeks a default judgment against the Defendant, in favor of himself and the Class.

5. The Plaintiff is also seeking a hearing on damages as well as damage categories (after some limited time for discovery) due to the complexities of the class action nature of this matter.

May 2, 2022

**THE WEBSTER LAW FIRM**

By:   /s/ *Jason C. Webster*
     Jason C. Webster, Esq.
     State Bar No. 24033318
     6200 Savoy Drive, Suite 150
     Houston, TX 77036
     Tel.: 713-581-3900
     Fax: 713-581-3907
     filing@thewebsterlawfirm.com

- And-

     **LANKENAU & MILLER, LLP**
     Stuart J. Miller (SJM 4276)
     Johnathan Miller
     100 Church Street, 8th FL
     New York, NY 10007
     P: (212) 581-5005
     F: (212) 581-2122

     **THE GARDNER FIRM**
     Mary E. Olsen (OLSEM4818)
     M. Vance McCrary (MCCRM4402)
     182 St. Francis Street
     Suite 103
     Mobile, Alabama 36602
     P: (251) 433-8100
     F: (251) 433-8181

     ***Attorneys for Plaintiff and the putative class***