IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **AARON COX, on behalf of himself and all others similarly situated,**<br>Plaintiff,<br><br>v.<br><br>**CENTRAL FREIGHT LINES, INC.,**<br>Defendant. | CASE NO. 6:21-cv-01295-ADA |

### ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT

Before the Court is Plaintiff's Motion for Default Judgment against Central Freight Lines, Inc. ("Central Freight" or "Defendant"). ECF No. 8. (the "Motion"). The Court has reviewed the Motion, the governing law, and the case file. The Court **GRANTS-IN-PART** Plaintiff's Motion for Default Judgment.

### I. BACKGROUND

This action arises out of an alleged violation of the Worker Adjustment and Retraining Notification Act of 1988. 29 U.S.C. § 2101-2109 (the "WARN Act"). Central Freight is a Texas Corporation that employed Plaintiff at its facility in Waco, Texas. ECF No. 1 ¶¶ 4, 6. Central Freight also maintains separate facilities that employed other members of this Class Action throughout the United States. *Id.* ¶¶ 5, 7. Aaron Cox and approximately 2,100 other employees of Central Freight were fired as part of a mass layoff ordered by Central Freight on or about December 13, 2021. ECF No. 1 ¶¶ 1, 8. Under the WARN Act, "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order." 29 U.S.C. § 2102. According to Plaintiff, Central Freight failed to provide Plaintiff and

1

other similarly situated former employees at least 60 days of advance written notice of termination, as required by the WARN Act. ECF No. 1 ¶ 1.

On December 14, 2021, Plaintiff filed this action, asserting that Defendant was liable under the WARN Act. ECF No. 1 (the "Complaint"). In the Complaint, Plaintiff requests (1) amount equal to the sum of: wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits for sixty working days following termination, (2) certification that Plaintiff and other similarly laid-off employees constitute a single class, (3) interest as allowed by law on the amounts owed, (4) appointment of Plaintiff's attorneys as Class Council, (5) appointment of Plaintiff as the Class Representative and payment of reasonable compensation for his services as such, (6) reasonable attorney's fees and costs, (7) further relief the Court may deem just and proper. *Id.* ¶ 32. Plaintiff properly served Central Freight on December 28, 2021. ECF No. 8 ¶ 3; ECF No. 6-1 (Proof of Service). Central Freight failed to answer, appear, or otherwise defend itself in this action.

On February 8, 2022, Plaintiff filed a Motion for a Clerk's Entry of Default. ECF No. 6. On March 7, 2022, the Clerk of the Court entered the default of Central Freight, at the request of the Plaintiff. ECF No. 7. As of the date of this Order, Defendant has not answered or otherwise responded to the Complaint.

## II. LEGAL STANDARD

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a defendant has defaulted, the Court may enter default judgment upon motion. Fed. R. Civ. P. 55(b). Additionally, the plaintiff must file an affidavit stating whether the defendant is in military service before the Court can issue a default judgement. 50 U.S.C. § 3931.

"In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit use a three-part analysis: (1) whether default judgment is procedurally warranted; (2) whether the [] Complaint sufficiently sets forth facts establishing that [plaintiff] is entitled to relief; and (3) what form of relief, if any, the [plaintiff] should receive." *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).

The Fifth Circuit uses six factors to determine whether a default judgment is procedurally warranted. *Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The factors are: "(1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

In considering whether the complaint sets forth facts establishing that plaintiff is entitled to relief, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus,

for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co.*, 515 F.2d at 1206.

### III. DISCUSSION

#### A.   Default Judgement Against Defendant is Procedurally Warranted

Central Freight received proper service but failed to answer or otherwise respond to the Complaint as required by Federal Rule of Civil Procedure 12. ECF No. 8 ¶ 3; ECF No. 8-2. Plaintiff has also submitted an Affidavit Declaration of Stuart J. Miller testifying that Central Freight is not a member of the military, an infant, or incompetent. ECF No. 8-1 ¶¶ 6–7. Additionally, the "procedurally warranted" factors weight in favor of granting a default judgment.

The court considers six factors when determining whether a default judgment is procedurally warranted. *Alvarado*, 444 F. Supp. 3d at 752. In this case all six factors weigh in favor of granting default judgement.

First, Plaintiffs well-plead allegations, apart from damages, are accepted as true because Central Freight has not answered or otherwise appeared before the Court. *Id*; *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). From the Complaint, no material issues of fact appear to exist.

Second, the Court finds that Central Freight will not incur substantial prejudice from a default judgement against them. Central Freight failed to contest Plaintiff's contentions after timely notice, and the Plaintiff seeks only ordinary remedies. Thus, they do not face substantial prejudice. *See Loyal Am. Life Ins. Co. v. Bene Mkt. LLC*, No. 1:18-CV-408-RP, 2020 WL 12176163, at *3 (W.D. Tex. Dec. 2, 2020), *report and recommendation adopted sub nom. Loyal Am. Life Ins. v. Bene Mkt. LLC*, No. 1:18-CV-408-RP, 2020 WL 12176162 (W.D. Tex. Dec. 23, 2020)

Third, grounds for default are clearly established because Central Freight did not respond to Plaintiff's Complaint or this Motion. *Id.*

Fourth, Central Freight has made no showing of a good faith mistake or excusable neglect. A response was due January 18, 2022, and the Court has still not received any filings from Central Freight to this date. Defendant's failure to appear is grounds for default. Fed. R. Civ. P. 55.

Fifth, default judgement would not be a harsh result in this situation because Plaintiff is asking for a hearing to decide damages that would be equivalent to what he and other similarly situated former employees would be entitled to receive by law.

Sixth, and finally, based on the facts known to the Court, the Court will have no reason for which it would be obligated to set aside the default.

### B.  Plaintiff's Claims Have Merit

Default on its own does not call for an entry of default judgment. *Aire Serv LLC v. Haywood*, No. 6:18-CV-00023-ADA, 2019 WL 10349402, at *2 (W.D. Tex. May 10, 2019). Rather, there must be a sufficient basis in the pleadings, i.e., a plaintiff's claim must have merit. *See id.*

Plaintiff alleges that Defendant violated the WARN Act. ECF No. 1 ¶ 1; 29 U.S.C. § 2101 *et seq*. Employers who employ more than one hundred employees are subject to the WARN Act. 29 U.S.C. § 2101(a). The Act provides that "An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee." 29 U.S.C. § 2102(a)(1).

Employers must have at least one hundred employees to be subject to the WARN Act. § 2101(a). Furthermore, section 2101(a)(1)(A) excludes part time employees from this calculation.

29 U.S.C. § 2101(a)(1)(A). However, the statute includes all employees if the "aggregate work at least 4,000 hours per week," not including overtime, 29 U.S.C. § 2101(a)(1)(B).

A "plant closing" is "the permanent or temporary shutdown of a *single site of employment*, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees." 29 U.S.C. § 2101(a)(2) (emphasis added). "Mass layoff" is defined as "a reduction in force which. . . results in an employment loss at the *single site of employment* during any 30-day period for at least 33 percent of the employees. . . and at least 50 employees." 29 U.S.C. § 2101(a)(3) (emphasis added). "Therefore, recovery under the WARN Act for a mass layoff or plant closing is predicated on the loss of employment occurring at a single site of employment. 'That loss of employment must also involve 50 or more employees.'" *Sisney v. Trinidad Drilling, LP*, 231 F. Supp. 3d 233, 237 (W.D. Tex. 2017) (emphasis added) (citations omitted).

The WARN Act does not define a single site of employment. However, the Department of Labor ("DOL") defines a single site of employment. *See* 20 C.F.R. § 639.3(i). The DOL's definition states:

> [a] A single site of employment can refer to either a single or a group of contiguous locations. . . and]
>
> [b] Non-contiguous sites in the same geographic area which do not share the same staff or operational purpose should not be considered a single site.

*Id.*

Furthermore, "separate facilities are separate sites." *Davis v. Signal Int'l Texas GP, L.L.C.*, 728 F.3d 482, 485 (5th Cir. 2013) (citing Worker Adjustment and Retraining Notification, 54 FR 16042, 16050, 54 FR 16042-01, 16050 and *Viator v. Delchamps Inc.*, 109 F.3d 1124, 1127 (5th Cir. 1997)). "[S]eparate facilities are only to be treated as a single site of employment if all three

factors identified in [20 C.F.R. § 639.3(i)(3)] are met, namely: 1) [sic] the separate facilities are in reasonable geographic proximity of one another; 2) they are used for the same purpose; 3) and they share the same staff and equipment." *Viator*, 109 F.3d at 1127.

Before a "plant closing" or "mass layoff," employers must supply employees a sixty-day notice. 29 U.S.C. § 2102(a). Failure to supply such notice can result in liability for back pay, lost benefits, civil penalties, and attorneys' fees. *Viator*, 109 F.3d at 1127 (citing 29 U.S.C. § 2104).

Plaintiff pleads that "Defendant was a Texas corporation at all relevant times in this matter." ECF No. 8-1 ¶ 4. Furthermore, "[a]t all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States." ECF No. 1 ¶ 23. As such, defendant is an employer of more than one hundred employees, as defined by the WARN Act.

Defendant maintains a facility in Waco, Texas. *Id.* ¶ 4. Defendant also maintains other facilities throughout the United States. *Id.* ¶ 5. The Court's only substantive concern is whether the mass layoff occurred at the *single site of employment* in Waco or across the United States. According to the Complaint, Defendant "[terminated] approximately 2,100 other employees who worked at or reported to the Facilities as part of a mass layoff and/or [sic] plant closing **as defined by the WARN Act**." ECF No. 1 ¶ 7 (emphasis added). Thus, the Court accepts as true the allegation that the mass layoff and/or plant closing occurred as a mass layoff at a single site of employment as defined by the WARN Act, rather than a layoff occurring across multiple sites throughout the United States. The Complaint further states that these events "resulted in 'employment losses' . . . for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding 'part-time employees,' as that term is defined by the WARN Act." *Id.* ¶ 26.

Because the "mass layoff and/or [sic] plant closing" are the same type as defined by the WARN Act, the Court accepts as true the allegations that the mass layoff impacted each discrete singular site of employment, including the Waco Facility where Plaintiff worked, by laying off at least fifty or at least 33% of the single site's employees.

Finally, "Defendant failed to provide at least sixty (60) days prior notice to the [plaintiff] of their termination[]." ECF No. 1 ¶ 29. Because the Complaint states every element required by the WARN Act, Plaintiff's claim has merit. Therefore, when the Complaint is taken as true, Defendant is liable for back pay, lost benefits, civil penalties, and attorneys' fees. *Viator*, 109 F.3d at 1127 (citing 29 U.S.C. § 2104).

### C.  Damages and Additional Briefing

Plaintiff requests damages and class certification to properly bring this suit as a class action. While a defendant's default effectively serves as an admission of liability, that principle does not extend to damages and other forms of relief. Under Rule 54, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiff has not yet briefed this Court on the actual amount of damages. Instead, Plaintiff only requested damages in the form of "(A) back pay for each day of violation at a rate of compensation not less than the higher of—(i) the average regular rate received by such employee during the last 3 years of the employee's employment; or (ii) the final regular rate received by such employee; and (B) benefits under an employee benefit plan described in section 1002(3) of this title, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred. Such liability shall be calculated for the period of the violation, up to a maximum of 60 days, but in no event for more than one-half the number of days the employee was employed by the employer.'" ECF No. 8 ¶ 2. Thus, Plaintiff seeks the damages available under the WARN Act. 29 U.S.C. §

2104. The Court finds these categories of damages appropriate, but the Court lacks sufficient information to determine the actual dollar amount of these damages.

Recognizing the lack of information, Plaintiff requests a hearing on damages and damage categories, both of which fall within the bounds of the requests of the initial pleadings. ECF No. 8 ¶ 5. The Court finds this relief appropriate. However, the current Motion is too vague in terms of what Plaintiff wants from the hearing. The Court requires supplemental briefing before a hearing on damages will be granted.

Finally, Plaintiff appears to seek a judgment on behalf of a class. ECF No. 8 ¶ 4. No class has been certified yet. Thus, a class judgment is **DENIED** without prejudice. If Plaintiff seeks to certify a class, Plaintiff must file a motion for class action certification, along with a proposed order that clearly defines the class.

### IV. CONCLUSION

Having considered the facts and legal principles, Plaintiff's Motion for Entry of Default Judgment (ECF No. 8) is **GRANTED-IN-PART**.

The Court **GRANTS** Plaintiff's motion for default judgment as to holding that Defendant violated the WARN Act.

The Court **GRANTS-IN-PART** Plaintiff's motion for default judgment as to categories of damages. Plaintiff is hereby **ORDERED** to file a motion for relief that details the precise relief Plaintiff seeks and set forth the reasons why the Court should grant that relief, along with a proposed order that explicitly sets forth the relief to be ordered.

It is further **ORDERED** that Plaintiff is given leave to file a motion for class action certification and proposed order.

It is further **ORDERED** that Plaintiff shall allow three weeks for Defendant to respond to the above-mentioned motions, and Plaintiff shall email the Court's law clerk thereafter to arrange a hearing if the Defendant fails to file an opposition.

Signed this 8th day of August, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE